Case number 10-5999 Heather McKeever et al. v. Mortgage Electronic Registration Systems and 12-5802 GMAC Mortgage v. Heather McKeever respectively. Oral argument not to exceed 15 minutes for appellant, 15 minutes to be shared by appellees. Heather McKeever for the appellant. Good morning. First of all I wanted to thank you for taking the case on oral argument. I'd like to recognize my client, which is myself and my husband Shane Haffey, who is in the courtroom today. And I'd also like to reserve four minutes for rebuttal. My high school debate coach at Villamadon Academy, Sister Marilyn, repeatedly gave me the same advice. Number one, keep it simple. And number two, Ms. McKeever, never assume anything. For when you do, you will make an ass out of you and me. Sister Marilyn also has the distinction of enlightening me to the fact that many English expletives, or curse words, are actually Latin acronyms. Since I now have the dubious distinction of being married to my client, an Irish immigrant farmer, my ears have over the years, these cases have dragged on, been filled with Latin acronyms, which always end with the same answer. But how can GMAC or a German bank be suing us when they didn't own our loan? And how can MERS have a mortgage when they admit they never own any loans? Sometimes things are so simple that even a husband can understand them. Although there are two cases before the court on appeal, it is our position that resolution and remand of the first case, which is the quiet title against Mortgage Electronic Registration System, or MERS, will resolve the second case, the declaratory action which was filed by a mortgage servicer, GMAC. The Kentucky case against MERS is dictated by the black letter of KRS 411120. The statute's demands are simple and finite. The named defendant, which is MERS, must either defend its lien or release the lien. There is not a single case cited to support the district court's interpretation of Kentucky's title statute, namely that there is a third option found in the statute. Defend the lien, release the lien, or fence the lien to a third party. The district court's order in MERS' argument is devoid of any Kentucky law. In fact, neither the district court's order in MERS' argument is devoid of any Kentucky law whatsoever. With respect to the first case, there's an issue as to whether the appeal is untimely. That, of course, depends upon whether the time to appeal began to run on May 11th, 2010, when the district court issued the order denying your motion for reconsideration. Can you address why this appeal is or is not untimely? Your Honor, I didn't address it in my reply brief. It was raised for the very first time in the past seven years in the appeals brief, and I did not address it. I left it to the district court's discretion. I don't think it's anything that can overturn at this point. Well, it has been raised by your opposing counsel. The problem is that the time of the appeal is a jurisdictional issue, and matters of jurisdiction can be raised at any time. So if it is untimely, we would have to, or at least we would have to really address it as a jurisdictional matter, since jurisdiction cannot be waived. So you might want to proceed to address that. Your Honor, I'm not prepared to address it. May I provide a supplemental response? Because I didn't. I left that in my reply brief to the district court's discretion, because I didn't believe it was something that could be voided out at this point. So may I address it with a supplemental brief? I'm not prepared to address it. I felt that it was within the district court's discretion to allow it to proceed forward, and it hasn't been brought up to date. So if I may have leave of court in a 14-day time period to provide you with a supplemental response, I'd like that. Well, I don't know what can be added at this point. The problem is there's such a At this point, we're just getting a repeat of prior argument. I can address one aspect of it. The quiet title, the dismissal of it at this point, could be refiled. There's nothing to prevent it under Kentucky law from being refiled and starting this entire arduous process over again. So I don't think that it's something that has to be overturned regardless. And like I said, I'm not prepared to legally argue it today, but we would have the ability under Kentucky law to refile and start all over again, which we don't want to do. I don't know about all that, but that's really not what's before us to decide if you can refile something in Kentucky. That's not an issue before us this morning. And even though you say you're not prepared to address this prior to today, why don't we do this? Why don't you proceed with your argument as you think appropriate? And let me just ask you first, do you want to address any matters concerning the first case, case number 10-5999, or do you want to begin with case number 12-5802, or do you want to discuss them together? I was actually focusing on the quiet title case first and wanted to just point out to the court that if this is left unchecked, the situation, it will affect every state in the Union's quiet title and basically gut out quiet title statutes. All right, well I'll let you proceed as you think best and leave it up to you as to how you want to present your arguments. I'm still addressing the merge, just the quiet title case, Your Honor. I just wanted to point out that we do not have the third option of transferring a deed or a lien to a third party once it's been filed. Now that's not to say that you couldn't, under private property rights, transfer a deed or a lien. You're allowed to do, but that doesn't make that transfer valid when we are discussing what was in the record at the time the quiet title is filed. So the only options under Kentucky law are to, the lien is going to live and stay in the record, or the lien is going to die and be removed from the record. So just transferring it out of your name to the guy next door is not allowed under the statute to allow a dismissal of a quiet territory. I live in the South and I also live partially in South Carolina where there's a thing called heirs property and you can have multiple people going back generations and generations who think they have inherited property with their cousins and whatnot and they filed, this is the only remedy they have to file quiet title to clean up the titles. If you allow a person, if you have four or five people on a deed and allow them, one of them, who may or may not be legitimate to transfer it out and you have to chase down the deed or the lien in perpetuity, that completely defeats the purpose of the statute, which is to decide what is in the record the day you file the quiet title. Is it valid that day? I now address the second case, which is the declaratory judgment, which I feel that if the quiet title is remanded back to the district court for findings of because this is the case that's filed after the quiet title and you know that we've raised standing in this case. So this case will virtually disappear if the quiet title case is remanded back. It's our position that Deutsche Bank, who is the current plaintiff in the second declaratory judgment case, has continuously avoided dealing with the fact that it has never been a creditor under the Truth in Lending Act in took place in 2008, which is the date of the rescission. Deutsche Bank didn't come on the scene until over a year later, in 2009. Deutsche Bank has never disputed that its servicer or contractor could never be a creditor or a proper party to a TILA rescission case. The Supreme Court in Jessenoski v. Countrywide has made it crystal clear that courts are not to make any more assumptions or creative interpretations in regards to the regulations that are related to rescission under the Truth in Lending Act. You know, there have been a lot of proceedings, multiple cases, multiple appeals in this case, and there's an issue here, seemingly, as to whether some of the other cases that have been disposed of by dispositive rulings might constitute claim, conclusion, or res judicata with respect to the case you're discussing now. For example, in case number 08-510, there's the September 4th, 2009 order granting defendant GMAC's motion to dismiss judgment. And also, with respect to case number 08-459, there's a January 23rd, 2012 order of dismissal entered in the discussion in the briefs as to whether the district court improperly applied the law of the case doctrine to bar your claims of rescission in case number 08-459. But since the parties are the same in all these matters, and there's the same nucleus of operative facts in all these cases, then there's, as a result, the question of whether the case that we're now discussing is barred based on res judicata. Would you like to address that issue? Gladly. In 08-510, which is the main gist of the res judicata argument, which was brought up during the appeals process, it's not in the orders, the district orders themselves. They just deal with the law of the case. 510 was filed after 549, which is the case that's created on appeal. It's not a preceding case. It came after the fact. The parties are not the same. The parties to 510 are MERS and GMAC, which is a mortgage servicer. It's Deutsche Bank, who is a party that took an assignment of mortgage and put it into the record, and a year and a half later that's actually brought it up, that 510 somehow applies to them. And they've made a privity argument. Even they have admitted they're not a party to 510. They're trying to argue that they're in privity with their own servicer, which we have briefed in our reply brief in detail why they can never be in privity, because the federal government prevents them to be in privity as a mortgage servicer. So they've even admitted that the parties aren't the same. The issues of fact aren't the same. Actually, Judge Kaufman, this is back in front of David Bunning, but it was Judge Kaufman back then, and she pointed out in 510 that, I think in the last sentence of dealing with it, that the issue of MERS rescission, who did hold the mortgage, is not before her. So she kind of went through the litany of why, which we say bad law. She, you know, was going against Jessenoski. But she also says in the last sentence, I'm not really having to deal with this anyway, because the issue of rescission against MERS is not before me. The TILA case, the 510, is a damage claim against the servicer, which we found out, which is that they aren't liable because they're not in privity, they're not part of that whole TILA gang, and against the mortgage holder for damages. So what happened was we filed the quiet title to enforce the rescission. And there's nothing in the TILA that says that we have to, and after Jessenoski especially, that we have to file anything. But we did. So we filed a quiet title, which was the simplest way we knew of. There's nothing that says we have to file declaratory judgment in federal court. So by filing against the mortgage holder, who's the only person we could get our hands on? Remember, during all of the securitization, we had no idea, no one would tell us, who supportively held the paper on the house. So we have no idea who's claiming, who the check goes to, because the check's going to the servicer. So you've got MERS as the only person you can get your hands on, because they're in the public record, is holding your mortgage. So by filing a quiet title, that would determine whether or not the rescission was valid and whether or not their lien was valid, regardless of the rescission. We're killing two birds with one stone, because we don't think that their mortgage, whether we rescind it or not, was ever valid, because they never held the paper. And they, by their own admittance, can't hold paper. They don't own loans. They don't collect money. You don't make a payment to them. So I would address that ratio to CAUDA has no application. What about claim preclusion? There's a doctrine that strict identity of parties is not required for claim preclusion. And there's a pretty good argument that there's a close or significant relationship between Deutsche and GMACM. What do you say about that? Well, Your Honor, they didn't, Deutsche didn't even come on the scene until 2009. Nobody, we had no idea they existed. Well, that's not what I ask you. The rescission goes back... Is whether there is a close or significant relationship that exists there. It's not, doesn't have anything to do with whether Deutsche came on the scene at any given time. I don't think there is a relation at all. There's a damage claim against a mortgage servicer and the mortgagee. And when you rescind your loan, we're going back to the date of 2008 when it was rescinded, who the players were in 2008. And the district court has not ruled on whether or not the the loan was rescinded validly against whoever was holding the mortgage. It doesn't look at who did what when. It looks at the relationship between the parties and it looks to what was litigated in the prior case. There's no relationship between a mortgage servicer, like the federal government has made sure, there is no relationship between a mortgage servicer and a trustee of a mortgage-backed security. Thank you. Alright, I see your red light's on, so you're out of time. Unless you'd like to take some of your rebuttal time now, you do have four minutes for rebuttal. No, your honor, I think I'll save it. Thank you very much. May I be excused temporarily? Thank you. Good morning. Good morning. May it please the court, Chris Thorson on behalf of Deutsche Bank Trust Company Americas as trustee for the 2007 QS10 trust in GMAC Mortgage LLC. Are you and your fellow counsel dividing the time? We are, your honor. I'm taking 10 minutes. I don't know if I'll take all 10 minutes, but I'm taking 10 minutes to discuss the 08459 case against this Deutsche Bank judgment and Mr. Kellerman is taking five minutes to discuss the 456. May it please the court, I think your honor has the issue squarely before the court and that is that in the multiple cases that are not on appeal, prior judgments were entered, prior orders were entered that were relied on by the court in 459 to entering judgment in favor of Deutsche Bank on its claim for declaratory judgment that appellant's rescission attempt was not valid. We're here today on an abuse of discretion standard. Application of the law of the cases is to be reviewed for abuse of discretion and it is clear based on the record that the court in 459 did not abuse its discretion and looking back to its prior orders in 510 and in 09362. Appellants try to characterize their claims in 510 as merely being damages claims and did not involve TILA rescission claims. Well that's just, it's just not true and it's belied by their complaint. Throughout their complaint in 08510, which a dozen other causes of action, but they specifically allege that the homeowners seek a remedy under TILA to obtain rescission recognition. They, homeowners assert additional and separate claims for violations of the TILA and RESPA pertaining to loan rescission. The note and mortgage were de facto and legally rescinded under TILA and on and on and on and on and they seek the remedy of having the court declare that their mortgage and their note had been rescinded under TILA and were now null and void. Those are their allegations set forth in the case 08510. Judge Forster on September 4, 2009 granted GMAC's motion to dismiss that case and found that the appellants had failed to state a cause of action for rescission under TILA. The court also dismissed all the other claims as well under Twombly and Iqbal, but it specifically made a finding that they'd failed to set forth sufficient facts to maintain the right of rescission under TILA. I want to note also that no part of the court's decision in 08510 dealt with the statute of limitations. So the issue in Jesenowski was whether or not the statute of limitations was satisfied when a when a borrower sends notice to the creditor of rescission within the statute of limitations but doesn't file its lawsuit until after the statute has run and what Justice Scalia in Jesenowski said was sending the notice is in compliance with the statute of limitations and that's the date by which we measure it. That was the only issue. Isn't there other law that suggests that that argument about Jesenowski may not be fully accurate? It seems to me that the real issue for you is what is the theory that you can use because, one, would you agree that law of the case is problematic because these are not in fact separate cases? Consolidation is not enough to get you into law of the case but that's not your that's not the only arrow in your quiver. That's not the only arrow in my quiver. So what is the best arrow under your argument for the theory that you may use to get to the same result? Correct, Your Honor. The best argument that we have and it's really the the death knell to appellants argument is that 08510 has now become a final judgment. That became a final judgment in 2010. The appeal of that final judgment and all the and the orders in that case was dismissed and so that is now final and unappealable and as I laid out in the brief there they have they specifically asserted TILA rescission claims in 08510 and with regard to the issue of privity, appellants can't get around that because their complaint clearly establishes that GMAC as the servicer of the mortgage and Deutsche Bank as the holder of the mortgage are in privity. If if the court looks at their allegations in that in the complaint. I don't know that a complaint establishes that it is so. I mean she may previously have alleged something different from what she argues today but I don't know that a complaint ever proves anything. No, Your Honor, it may not prove anything but I think that might be the word you use. It certainly may be but but her complaint is instructive because she names GMAC as a party defendant in its individual capacity and as the servicing agent for the holder in due course of the note. Okay, so she's suing them both individually and as the servicing agent for the holder. And your your position would be it is in fact an agent for Deutsche. It certainly was a servicing agent for Deutsche Bank. Correct. And so whether they whether their complaint is proof of it or not the fact that they are in privity is demonstrated by the fact that GMAC was the servicer which is not disputed. Deutsche Bank is the holder. The court has found throughout all of the consolidated cases below that Deutsche Bank is the holder in due course of the note. And so Deutsche Bank and GMAC were in privity and so as the the doctrine of res judicata applies because Deutsche Bank and GMAC were in privity the parties are the same. The causes of action are literally identical in that they are seeking rescission in 08510 and the issue in 08459 is the exact same issue whether their rescission attempt under TILA was valid and the court's decision in 08510 stating that they did not have a valid rescission claim is a judgment on the merits. It is final. The causes of action are identical. It arises out of the same series of transactions and because that's final and unappealable the result in 08459 is res judicata. Because it honing it on down to the theory so your basic theory is claim preclusion and then if we agree with you or disagree with you on Jesenowski doesn't matter because it's not issue preclusion but if you're wrong on Jesenowski it's not issue preclusion. Is that are you in agreement with that? Well your honor I would say that if I'm wrong on Jesenowski the fact that 08510 is res judicata even if Jesenowski changed the law on which 08510 was based the Sixth Circuit case law and the other case law is very clear that you can't go back and revisit the underlying. I think it's very clear on claim preclusion for that. I don't think it's very clear on issue preclusion because I think there is a significant thread of case law in other circuits as well that would suggest that the issue preclusion and claim preclusion treat intervening changes of law differently. But the bottom line of it is is if claim preclusion is your argument then under that line of cases claims preclusion the this you're good with your argument even if there's intervening law based on the conceptual basis of claim preclusion you could have should have would have brought it all in that earlier case so that earlier case should have disposed of it and we don't even have to reach issue preclusion. I think that's right your honor and I'm further supported in my argument not only by the final judgment in 08510 but also the final judgment in 11-188 and in 11-188 which was a quiet where he sought a quiet title in the property and and have the mortgage in the note declared null and void. That judgment became final and appellants did not appeal that judgment dismissing their claims and res judicata applies there as well because even though the claims were narrower in 11-188 than they were in 08510 or 09-362 Mr. Happy nevertheless could have brought those claims in 11-188 it still arises out of the same series of transactions whether they're not that the mortgage is valid or and still enforced and the fact that he didn't a judgment was rendered they didn't appeal that also backstops that argument. Let me ask you in terms of the standing issue and the issue of who the real party and interest might be are you familiar with this Sixth Circuit case from 2002 of the Zurich Insurance Company versus Lagatrans? I'm not your honor. Alright you can't comment on it if you're not familiar with it. I can't I'm happy to comment on what the principles were if you'd like to discuss that but I don't know what that case was required to constitute a real party and interest but I won't belabor it since you've not looked at that. Well if I may address that one quick point before I sit down though you know the issue of standing I think is resolved by the substitution of Deutsche Bank in place of GMAC in 459 and rule 17a3 provides that if the real party and interest is not before the court the court's not to dismiss that case until there's an opportunity for the real party and interest to come in. Motion for substitution was filed. Motion for substitution was granted bringing Deutsche Bank as the holder substituting them in place of GMAC in 459 and rule 17a3 further provides that after substitution the action proceeds as if it has been originally commenced by the real party in interest and so once the substitution is made the action commenced as if Deutsche Bank was the plaintiff from the beginning and then final judgment was rendered after the substitution. All right. Thank you. Thank you, Your Honor. May it please the court. Good morning. I'm David Kellerman. I represent mortgage electronic registration systems. MERS was the defendant in the underlying quiet title action. It was not a party to the other action and so I won't address the declaratory judgment action. I'd like to begin by telling you what MERS did and did not do in this case. MERS held appellant's mortgage from approximately May of 07 when it was assigned to MERS from Bank of Bluegrass until September of 09 when MERS assigned it to Deutsche Bank. So for about two and a half years MERS held the appellant's mortgage on their property. I'd also like to tell you what MERS didn't do. MERS did not originate the loan. They did not close the loan. It did not fund the loan. It never tried to collect on the loan. It never tried to enforce the mortgage. No communications at all. MERS wasn't at the closing. No and appellant. So with that in mind I'd like to give you three reasons why the district court's case decision should stand. The first your honor, Judge Clay you picked up on is the jurisdictional issue that the appeal on the quiet title action was not filed timely. Notice of appeal was filed in August of 2010 and the district court's last denial of appellant's motions for reconsider was in May of 2010. So the appeal should have been brought in June of 2010. It was not filed until some 60 days too late in August of 2010 and all appellant said about the jurisdictional requirements in their brief was one sentence. The appeal is from an order and final judgment disposing of all claims without trial in two cases wherein a timely notice of appeal was filed and we on that grounds alone. If the court decides to get in the merits, there's another two reasons why the district court's decision granting judgment in favor of MERS in a quiet title case should be affirmed. The first is that the district court was correct that because MERS no longer had an interest in the property at the time of the judgment, there was no interest to quiet. So getting back to our May of 07, the quiet title action was filed in October of 09, excuse me, October of 08. And then in September of 09, MERS transferred the mortgage to Deutsche Bank. So at the time of the court's judgment in March of 2010, MERS no longer had an interest in the property to tie to no, no, no longer had a interest in the property to quiet. And that's why the judge, that's why the court there dismissed the quiet title action. The backup reason to that, your honor, is even if MERS retained an interest in the property title, the property to quiet, the district court found that plaintiff's complaint failed to state a claim of any wrongful conduct against MERS. The quiet title, as you know, you can't, you've got to have some reason to be some wrongdoing on behalf of MERS to get a judgment against them in a quiet title case. And the only wrongful conduct that was remotely raised by implication or otherwise in the quiet title action against MERS was fraudulent conduct. And when the district court judge looked at the quiet title complaint and rendered his decision, it found that the quiet title action against MERS, regardless of whether MERS still had an interest in the property or not, failed to state a claim of any wrongful conduct against MERS. So for that reason, among others, the district court dismissed appellant's quiet title action. And we would argue, your honor, in conclusion that that decision was correct and that the decision should be affirmed. Thank you. Thank you. Any rebuttal? I'd like to address Mr. Thorsen's arguments first on the on the issue of standing, which I'm glad Judge Clay had brought up since we didn't get to speak about it earlier. In order to get to whether or not the summary judgment was appropriate, the court is going to have to deal with the fact that we had our Mr. Thorsen pointed out something which is extremely important in the plethora of information given, and that he has stated that Deutsche Bank has been found a holder in due course of our note. That has never been the case. That is not in the record. I challenge him to pull that up. A holder in due course means something entirely different. The actual paper for this loan has never been produced. We did not have discovery, but it's my understanding that it doesn't even exist. Not only the forgery is one issue, but even if the paper was produced and we called it a forgery, the paper needs to be produced in order to even pay off the loan. So if we were to write a check today, who would we write it to? Who would collect this money? And they would have to return the note. In the old days before you securitized and they took away the Glass-Steagall Act, when you paid off your loan, you got your note back. There is no note in this case. Well, you haven't tried to pay off your loan here, have you? I'm saying if we did. We have had negotiations to talk about it, and actually there's... You never tendered payment. You're not saying that. We did tender payment after rescission. If you look through the record, we tendered payment after the rescission was made, even though the TILA doesn't require it. The TILA does not require you to tender the payment before the lien's removed, but we did. There's a I can't get to it right now. I mean, I don't have it in front of me. You tender payment in an agreed-upon amount that's between you and the mortgage holder. The way you tender payment is you just tell them you're going to pay the loan back. I'm asking you a question. Did you actually tender payment in an agreed-upon amount between you and the mortgage holder? You mean, was it put into an escrow account? I didn't say no. I didn't say anything about an escrow account. Can you ask me again one more time? I don't want to... I don't want to... I want to answer it correctly and truthfully. I asked you if you actually tendered payment in an agreed-upon amount as between you and the mortgage holder. Not in an agreed-upon amount because they disagreed. They refused to accept the tender. The tender is... Did you hand them a check? No, you write a letter and you say we... you... the way the... we just followed the law of the TILA. The TILA has very specific steps on what you do and if they have removed the lien... Do you think writing them a letter and telling them you were going to pay the loan is a tender? It's a tender offer and that's what it says you have to do after they've removed the lien. We did it before they removed the lien. We had... we had the second... we had another loan lined up at the time. Remember when this was rescinded, the loan was current. This is not a It was done... it was done proactively and so if you go back through the record, the tender offer was made and they rejected it and then they filed the declaratory judgment, the servicer did. So... and we... I'd like to reiterate on standing that if you don't have standing as the original party, it's impossible to have standing as a substitute party. So in 2008 when GMAC, who did not have standing, filed this, Deutsche Bank was not on the scene. I hope that you all will keep that in mind that when all of this took place, the main party that's here today, that Mr. Thorsen represents, didn't even exist for any of us. We had no idea who they were. We couldn't have included them in a lawsuit in 2008 because they weren't around yet. I mean by the time they came around, things were in full motion and the only person holding the mortgage that you could get your hands on was the only party... we sent out a rescission letter to GMAC, the servicer, and MERS, the mortgage holder, and Bank of the Bluegrass, who was actually the table funder. They didn't actually lend the money. That was Ally Bank or GMAC Bank. But... but Bank of the Bluegrass... we sent out three different letters because we didn't know who the paper... who was holding the paper. Yes, yes your honor. I also want to point out that we did try to reopen 510 just on this very narrow issue to have Jess Anosky applied to this one paragraph. You all decided to not do that and you converted it sua sponte to a motion to examine... had to... for judicial notice. That's in the record as well. And right now there is pending in front of Judge Bunning a motion to vacate that paragraph. So even though Mr. Thorsen argues that it's final, the case may be final, but that paragraph is I was hoping that the decision would be out before we had oral argument, but it's not. So I wanted to point that out as well, that if if Judge Bunning vacates that paragraph, it will change the... it's an entire game changer. So I would also ask the court to possibly wait until Judge Bunning rules. It's my understanding that they'll rule within six months possibly and we're coming on six month mark. But if it were claim preclusion, the intervening law wouldn't make any difference, would it, under the law of claim preclusion? If it were... I'm not going to agree with that, Your Honor. Okay. All right. I think we have your position in hand. Thank you and thank you so much for the opportunity. You may be excused. Thank you. And the case is submitted.